

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Harlin DeWayne Hale*

**United States Bankruptcy Judge**

**Signed November 01, 2010**

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
15000 SURVEYOR BLVD. SUITE 100
ADDISON, TX 75001
(972) 341-5322

Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME
MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-70177-HDH-13 |
| | § | |
| BRADLEY CHARLES WAGES and | § | |
| MARTINA QUINTANILLA WAGES, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| SUCCESSOR BY MERGER TO WELLS | § | |
| FARGO HOME MORTGAGE, INC. | § | |
| ITS ASSIGNS AND/OR | § | |
| SUCCESSORS IN INTEREST, | § | |
|    Movant | § | HEARING DATE:  11/17/2010 |
| | § | |
| v. | § | TIME:  10:00 AM |
| | § | |
| BRADLEY CHARLES WAGES and | § | |
| MARTINA QUINTANILLA WAGES; | § | |
| WALTER O'CHESKEY, Trustee | § | |

Respondents                              §   JUDGE HARLIN D. HALE

## AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR

Came on for consideration the Motion for Relief from Stay, filed by WELLS FARGO

BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC.

ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured

creditor in the above entitled and numbered cause.  The Court, having considered said Motion

and the agreement of Counsel, is of the opinion that the following Agreed Order should be

entered.  It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.      **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in

effect, except as provided below.

2.      **Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular

post-petition monthly payments beginning December 1, 2010, and continue said payments

thereafter pursuant to that certain Note and Deed of Trust dated October 26, 2007.  Said

payments shall be paid to Movant at:

>                   WELLS FARGO BANK, N.A.
>                   ONE HOME CAMPUS
>                   MAC ID#X2302-04C
>                   DES MOINES, IA  50328

3.      **Modify Plan:**  Debtor shall have 30 days from the date of the hearing or before

December 17, 2010 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages

and attorney's fees and costs in the total amount of $5,901.69 to be paid by the Chapter 13

Trustee through the Debtor's Chapter 13 Plan.  Said total amount consists of post-petition

payments for the months of August 1, 2010 through November 1, 2010 and additional fees and

costs detailed as follows:

| Monthly Payment Amount | $1,437.44 X 4 | $5,749.76 |
|---|---|---|
| Late Charges | $151.93 X 1 | $151.93 |
| Attorney's Fees & Costs | | $0.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $5,901.69 |
| Payment Received | | $0.00 |
| Payment to be Received | | $0.00 |
| Debtor Suspense | | $0.00 |
| | | _____ |
| Total Balance Due Less Payment Received | | $5,901.69 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court.  If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification.  If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim

4.      **Payments to Trustee**:  Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5.      **Proof of Payments**:  Debtor shall have 30 days from November 17, 2010 or until December 17, 2010 to provide proof of disputed payments.  Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on

which it has been drawn and has not been credited by Movant to Debtor's account. If said proof

is provided by December 17, 2010, then WELLS FARGO BANK, N.A., SUCCESSOR BY

MERGER TO WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR

SUCCESSORS IN INTEREST shall credit Debtor account with said payments. If said proof is

not provided to Movant the Debtor must tender to Movant the amount of $5,901.69 as stated

above net of payments received and said net amount becomes due and owing under the terms

stated in the Modify Plan Paragraph.

6.      **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C.

§362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7.      **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive

upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall

not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a

Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due

under the Note and Deed of Trust shall become immediately payable to Movant, and failure to

bring the loan contractually current by the date of entry of the conversion order shall be an event

of default under the Default Paragraph of this Agreed Order.

8.      **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is

subsequently returned due to non-sufficient funds in the account upon which the check is drawn

or due to any other reason shall not constitute a payment as required by the terms of this order

and is an event of default.

9.      **Default**: In the event Movant does not receive any payments by the dates set forth in the

Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan

as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the

Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in

the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by

Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and

allow Debtor a 10-day period from the date of such written notice to cure such delinquent

payments.  Cure payments must be made by certified funds only and Movant may charge Debtor

$50 for any notice given pursuant to this Order.  In the event Debtor fails to cure such delinquent

payments within such 10-day period or in the event Debtor becomes delinquent after **two (2)**

**notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant

without further recourse to this Court and Movant shall be allowed to take any and all steps

necessary to exercise any and all rights it may have in the collateral described as follows:

> LOT TWENTY ONE (21), BLOCK FIVE (5) OF ALEXANDRA MEADOWS, AN
> ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS,
> ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CANINET A,
> SLIDE 9201, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

> APN: 40523691

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately

enforce and implement this Order granting relief from the automatic stay and that the provision

of Rule 4001(a) (3), Federal Rules of  Bankruptcy Procedure, shall not impede the enforcement

and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor,

and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY:    /s/ JEFF FLEMING

| | |
|---|---|
| JEFF FLEMING | MONTE J WHITE |
| TX NO. 24034442 | 1106 BROOK AVENUE |
| 15000 SURVEYOR BLVD. SUITE 100 | WICHITA FALLS, TX  76301 |
| ADDISON, TX 75001 | |
| Telephone: (972) 341-5322 | ATTORNEY FOR DEBTORS |
| Facsimile: (972) 661-7725 | |
| E-mail:  NDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |

WALTER O'CHESKEY, TRUSTEE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY:   /s/ JEFF FLEMING
      JEFF FLEMING                              MONTE J WHITE
      TX NO. 24034442                           1106 BROOK AVENUE
      15000 SURVEYOR BLVD. SUITE 100            WICHITA FALLS, TX  76301
      ADDISON, TX 75001
      Telephone: (972) 341-5322                 ATTORNEY FOR DEBTORS
      Facsimile: (972) 661-7725
      E-mail:  NDECF@BDFGROUP.COM
      ATTORNEY FOR MOVANT

                                                /s/ Marc McBeath
                                                WALTER O'CHESKEY, TRUSTEE

AOCS.doc-71/AO-AP&POP,Y/Northern/WICHITA FALLS/00000002007003                    Page 6